Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Michelle S. Lim (SBN 315691)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
mlim@schneiderwallace.com
sgordon@schneiderwallace.com

*[Additional Counsel listed on next page]*

Attorneys for Plaintiffs and the Settlement Classes and Collective

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAROLD JONES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CERTIFIEDSAFETY, INC.<br><br>Defendants. | **Lead Case No. 3:17-cv-02229-EMC**<br>Consolidated with 3:17-cv-03892-EMC (*Crummie*)<br>Related to: 3:18-cv-04379-EMC (*Ross*)<br>　　　　　3:19-cv-01338-EMC (*Jones II*)<br>　　　　　3:19-cv-01380-EMC (*Jones III*)<br>　　　　　3:19-cv-01381-EMC (*Jones IV*)<br>　　　　　3:19-cv-01427-EMC (*East*)<br>　　　　　3:19-cv-01428-EMC (*Jones V*)<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**<br><br>Date: May 28, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5 (17th Floor)<br>Judge: Honorable Edward M. Chen<br><br>*Jones* Complaint filed: April 21, 2017 |

Edwin Aiwazian (SBN 232943)
Arby Aiwazian (SBN 269827)
Jill J. Parker (SBN 274230)
LAWYERS FOR JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

Attorneys for Plaintiffs and the Settlement Classes and Collective

Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement in the above-captioned Actions came on for hearing on May 28, 2020 at 1:30 p.m. in Courtroom 5 of the above-captioned Court, the Honorable Edward M. Chen presiding. Defendant Certified Safety ("Defendant") did not oppose the motion.

Plaintiffs in these Actions allege causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the California Labor Code and Business and Professions Code §§ 17200, *et seq.*; as well as Washington, Illinois, Minnesota, Alaska, and Ohio wage and hour laws. Plaintiffs assert the FLSA cause of action on behalf of themselves and the Opt In Plaintiffs (the "Collective") for Defendants' alleged failure to compensate for all hours worked, including legally-mandated overtime premiums and/or minimum wages. Plaintiffs assert state law causes of action under California, Washington, Illinois, Minnesota, Alaska, and Ohio law, on behalf of themselves and respective California, Washington, Illinois, Minnesota, Alaska, and Ohio Rule 23 Classes (the "Rule 23 Classes"), for failure to compensate for all hours worked; failure to pay overtime and minimum wages; failure to authorize, permit, and/or make available meal and rest periods; failure to reimburse for necessary business expenditures; waiting time penalties; failure to provide accurate, itemized wage statements; and related violations. Plaintiffs also bring claims for penalties pursuant to § 2699(a) of the California Private Attorney General Act ("PAGA") and penalties pursuant to § 2699(f) of the PAGA.

After conditional certification of the FLSA Collective, extensive discovery and investigation, the filing of a series of related actions to allege additional state law and joint employer claims, and a prior mediation, the Parties entered into private mediation before respected neutral mediator Paul Grossman to try to resolve the claims. As a result of the mediation on April 23, 2019, the Parties reached agreement on the terms of a settlement. The Parties then executed the Stipulation of Class, Collective, and Representative Action Settlement, as amended (the "Settlement"), filed at ECF 206-2 (Amendment filed at ECF 215-2).

A hearing was held before this Court on January 8, 2020 for Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement. The Court granted the motion. *See* ECF 216. Before the Court is the last stage of the settlement approval process: final approval of the Settlement.

Plaintiffs have separately moved for approval of attorneys' fees and costs and service awards for the Class Representatives.

At the final approval hearing, Winston & Strawn LLP appeared for Defendant and Schneider Wallace Cottrell Konecky LLP appeared for Plaintiffs and the Classes and Collective.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court has jurisdiction over the claims of the Rule 23 Class Members and Collective Members asserted in this proceeding and over all Parties to the action.

2. The Court finds that zero Rule 23 Class Members have objected to the Settlement and zero (0) Rule 23 Class Members have requested exclusion from the Settlement. Additionally, 429 Collective Members have filed timely and valid opt-in forms.

3. The Court hereby GRANTS FINAL APPROVAL of the terms and conditions contained in the Settlement as to the Rule 23 Classes. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law.

4. The Court finds that: (1) the settlement amount is fair and reasonable as to the Rule 23 Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the California, Washington, Illinois, Minnesota, Alaska, and Ohio Classes.

5. The Court hereby makes final its earlier conditional certification of the Rule 23 Classes, in accordance with the Settlement, for purposes of this Settlement only. The Rule 23 Classes are defined as follows:

- The "California Rule 23 Class" means all current or former Safety Attendants and Safety

Foremen employed by CertifiedSafety, or who attended pre-employment training conducted by CertifiedSafety, in the State of California at any time from April 21, 2013 to January 22, 2020.

- The "Washington Rule 23 Class" means all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Washington at any time from April 21, 2014 to January 22, 2020.

- The "Minnesota Rule 23 Class" means all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Minnesota at any time from March 12, 2016 to January 22, 2020.

- The "Illinois Rule 23 Class" means all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Illinois at any time from March 14, 2016 to January 22, 2020.

- The "Ohio Rule 23 Class" means all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Ohio at any time from April 23, 2016 to January 22, 2020.

- The "Alaska Rule 23 Class" means all current or former Safety Attendants and Safety Foremen employed by CertifiedSafety in the State of Alaska at any time from April 23, 2016 to January 22, 2020.

6. Pursuant to the agreements of the Parties, Workweeks worked by Safety Attendants or Safety Foremen while members of a labor union are not included within the purview of the Settlement. Likewise, Safety Attendants or Safety Foremen who have only worked for Defendant as members of a labor union are not included in the Settlement.

7. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the Collective of Opt In Plaintiffs as set forth in its January 22, 2020 order. See ECF 216. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

8. The Court has also already found that: (1) the settlement amount is fair and reasonable

as to the Collective when balanced against the probable outcome of further litigation relating to class certification, potential individual arbitrations, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the Collective.

9. In accordance with the Court's previous orders, the Collective is defined as "all current and former hourly, non-exempt Safety Attendants and Safety Foremen, of CertifiedSafety, Inc., in the United States, during the time period October 1, 2014 until January 22, 2020."

10. The Court hereby FINALLY APPOINTS Plaintiffs Jones, Crummie, Ross, and East as Class Representatives for the California Rule 23 Class; Plaintiffs Jones and Knight as Class Representatives for the Washington Rule 23 Class; Plaintiff Jones as Class Representative for the Minnesota Rule 23 Class; Plaintiff Jones as Class Representative for the Illinois Rule 23 Class; Plaintiff Turner as Class Representative for the Ohio Rule 23 Class; and Plaintiff Azevedo as Class Representative for the Alaska Rule 23 Class. All of the Plaintiffs represent the nationwide Fair Labor Standards Act Collective.

11. The Court hereby FINALLY APPOINTS Schneider Wallace Cottrell Konecky LLP Class Counsel for the Rule 23 Classes and the Collective.

12. The Court finds that the approved Notices of Settlement (submitted to the Court at ECF 215-2) constituted the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement fully and accurately informed the Rule 23 Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Rule 23 Class Members to participate in this hearing and all Rule 23 Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Rule 23 Class Members, since

1  none timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

2  13.  The Court further finds that the Notices of Settlement fully and accurately informed 3 the Collective Members of all material elements of the Settlement. Accordingly, the Court determines 4 that all Collective Members who submitted timely opt-ins are bound by this Order and the Judgment.

5  14.  The Court FINALLY APPROVES Class and Collective Counsel's request for 6 attorneys' fees of one-third of the original $6,000,000 Gross Settlement Amount, for a total of 7 $2,000,000 in fees. For the reasons stated on the record, the Court finds exceeding the 25% 8 benchmark is justified in this case.

9  15.  The Court FINALLY APPROVES Class and Collective Counsel's request for 10 litigation costs in the amount of $60,397.73.

11  16.  The Court FINALLY APPROVES, for the reasons stated in the record, service awards 12 of $12,000 for Plaintiff Jones, Knight, and Crummie, $8,000 for Plaintiffs Ross and East, and $5,000 13 for Plaintiffs Azevedo and Turner.

14  17.  The Court APPROVES the LWDA Payment to the Labor and Workforce 15 Development Agency ("LWDA") for Plaintiffs' claims pursuant to the California Private Attorney 16 General Act of 2004.

17  18.  The Court hereby confirms the appointment of Heffler Claims Group ("Heffler") as 18 Settlement Administrator, and approves its reasonable administration costs of $70,000, which are to 19 be paid from the total Settlement. Heffler will also be paid additional settlement administration costs 20 arising from the second distribution, pursuant to Paragraph 19 below, but Defendant shall pay this 21 amount separately. The additional settlement administration costs associated from the 2021 Payments 22 defined in Paragraph 19 shall not be deducted from the Gross Settlement Amount.

23  19.  Given the deterioration of Defendant's financial position due to adverse market and 24 business conditions related to the COVID-19 national emergency, the Court APPROVES the 25 payment of the Gross Settlement Amount in two installments. By July 13, 2020, CertifiedSafety shall 26 deposit $2,000,000 into the Qualified Settlement Account established by Heffler. From these funds, 27 Heffler shall make payments of one-third of the total amounts due for Individual Settlement 28 Payments, the LWDA Payment, Class Counsel's Fees, Class Counsel's Costs, the approved Class

Representative Service Payments, and Settlement Administration costs (collectively, the "2020 Payments"). By April 27, 2021, CertifiedSafety shall deposit the remaining $4,000,000 (plus interest accrued at the rate set forth in California Code of Civil Procedure section 685.010(a)) into the Qualified Settlement Account established by Heffler. All accrued interest shall be paid to Participating Individuals and distributed in proportion to each Participating Individual's Individual Settlement Share. From these funds, Heffler shall make payments of the remaining amounts due for Individual Settlement Payments (plus the shares of accrued interest), the LWDA Payment, Class Counsel's Fees, Class Counsel's Costs, the approved Class Representative Service Payments, and Settlement Administration costs (collectively, the "2021 Payments"). Heffler shall notify Participating Individuals of the payment schedule in a notice sent with the 2020 Payment checks, which will provide the link to the Settlement website for further information. The parties shall also post a notice on the Settlement website prominently explaining the payment schedule and reasons therefor.

20.   The Court ORDERS the following treatment for checks issued by the Settlement Administrator to Participating Individuals that are returned as undeliverable or are not negotiated within one hundred and eighty (180) calendar days after issuance. Uncashed check funds associated with the 2020 Payments shall remain in the Qualified Settlement Account and shall be repaid to the Participating Individual to whom it was sent as part of the 2021 Payments. Any uncashed funds associated with the 2021 Payments shall be redistributed pursuant to Paragraph 4.17 of the Settlement as amended (Dkt. No. 215-2).

21.   Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES following implementation schedule:

| Effective Date | The latest of: (i) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the judgment (*i.e.*, 30 days from the entry of judgment); (ii) if there is an appeal of the Court's judgment, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court; or (iii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date |
|---|---|

|  |  |
|---|---|
|  | the judgment is affirmed pursuant to such petition. |
| Deadline for Heffler Claims Group to calculate the employer share of taxes and provide CertifiedSafety with the total amount of CertifiedSafety's Payroll Taxes with respect to the 2020 Payments to Participating Individuals | July 6, 2020 |
| Deadline for CertifiedSafety to pay $2,000,000 into the Qualified Settlement Account | July 13, 2020 |
| Deadline for CertifiedSafety to deposit the amount of CertifiedSafety's Payroll Taxes with respect to the 2020 Payments to Participating Individuals | July 13, 2020 |
| Deadline for Heffler Claims Group to make the 2020 Payments to Participating Individuals, the LWDA, Class Representatives, Class Counsel, and itself | Within 15 days after the Effective Date |
| Deadline for Heffler Claims Group to calculate the employer share of taxes and provide CertifiedSafety with the total amount of CertifiedSafety's Payroll Taxes with respect to the 2021 Payments to Participating Individuals | April 20, 2021 |
| Deadline for CertifiedSafety to pay $4,000,000 into the Qualified Settlement Account | April 27, 2021 |
| Deadline for CertifiedSafety to deposit the amount of CertifiedSafety's Payroll Taxes with respect to the 2021 Payments to Participating Individuals | April 27, 2021 |
| Deadline for Heffler Claims Group to make the 2021 Payments to Participating Individuals, the LWDA, Class Representatives, Class Counsel, and itself | May 11, 2021 |
| Check-cashing deadline for the 2021 Payments to Participating Individuals | 180 days after issuance |
| Deadline for Heffler Claims Group to report to counsel for all Parties the number of and amount of uncashed checks from the 2021 Payments to Participating Individuals | 14 days after check-cashing deadline for the 2021 Payments |
| Deadline for redistribution of uncashed check funds from the 2021 Payments to those Class Members who cashed their Individual Settlement Payment checks, or transfer to the *cy pres* recipient | 21 days after report from Heffler Claims Group regarding uncashed 2021 Payment checks |
| Deadline for Heffler Claims Group to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after redistribution of uncashed check funds from the 2021 Payments to those Class Members who cashed their Individual Settlement Payment checks, or transfer to the *cy pres* recipient |

22. The Court further ORDERS that, pending further order of this Court, all proceedings in the above-captioned Actions, except those contemplated herein and in the Settlement, are stayed.

23. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are hereby barred.

24. The Court permanently enjoins all of the Rule 23 Class Members who did not timely exclude themselves (opt-out) from the Settlement, Opt In Plaintiffs, and the LWDA from pursuing, or seeking to reopen, any Released Claims (as defined in the Settlement at Paragraph 4.19 and the Notices of Settlement at Section 7) against any of the "Releasees" (as defined in the Settlement at Paragraph 2.37).

25. The Court dismisses the above-captioned Actions with prejudice and will enter Judgment consistent with the Settlement and this Order to so dismiss the Actions and permanently enjoin and bar all Rule 23 Class Members who did not opt-out of the Settlement, all Opt In Plaintiffs, and the LWDA from prosecuting against any Released Claims (as defined in the Settlement at Paragraph 4.19 and the Notices of Settlement at Section 7) against any of the "Releasees" (as defined in the Settlement at Paragraph 2.37).

26. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

Dated: June 1, 2020

_____
HON. EDWARD M. CHEN
United States District Judge,
Northern District of California